U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT

JUN 2 0 2008

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

UNITED STATES OF AMERICA

versus                                CRIMINAL NO. 06-50139-01
                                                 JUDGE TOM STAGG

WILLIE BURK JACKSON

## MEMORANDUM RULING[1]

Before the court is a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence filed by Willie Burk Jackson ("Jackson"). See Record Document 29. Based on the following, Jackson's motion is **DENIED**.

## I. BACKGROUND

This case originated from the defendant's possession of a firearm after having previously been convicted of a felony offense.

**A.  Facts.**

Jackson previously was convicted of two felony offenses–possession of stolen things and unauthorized entry of an inhabited dwelling. See Guilty Plea Tr. at 11. While on probation for his conviction of unauthorized entry, Jackson failed to check

---

[1]This ruling is not intended for publication.

in with his parole officer as scheduled. See id. at 12. As a result, a warrant was issued for his arrest. See id. When officers went to arrest him, they discovered a loaded .40 caliber pistol at his residence. See id. at 11-12.

**B.   Procedure.**

On August 24, 2006, a federal grand jury returned an indictment charging Jackson with two counts. See Record Document 2. Count one charged Jackson with possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1). Count two was a forfeiture count pursuant to 18 U.S.C. § 924(g)(1). Jackson subsequently pleaded guilty to count one on November 16, 2006. See Record Document 22. He was then sentenced to seventy-eight months in prison, followed by a three-year term of supervised release. See Record Document 24. He timely filed a notice of appeal on March 21, 2007. See Record Document 25. Jackson then filed the instant motion on November 26, 2007. See Record Document 29. After Jackson filed this motion, the Fifth Circuit Court of Appeals, on January 8, 2008, dismissed his appeal as frivolous.[2] See Record Document 31. The Fifth Circuit also granted defense counsel's motion to withdraw. See id.

---

[2]Defense counsel filed a brief pursuant to Anders v. California, which the Fifth Circuit recognized. See 386 U.S. 738, 87 S.Ct. 1396 (1967).

## II. LAW AND ANALYSIS

In this motion, Jackson challenges his conviction and sentence on two grounds–unlawful search and seizure and ineffective assistance of counsel. As a general rule, the review of a conviction pursuant to a section 2255 motion is limited to constitutional and jurisdictional questions. See United States v. Cervantes, 132 F.3d 1106, 1109 (5th Cir. 1998).

"Challenging a conviction and sentence with a section 2255 motion is fundamentally different from a direct appeal." United States v. Samuels, 59 F.3d 526, 528 (5th Cir. 1995). The Fifth Circuit has held:

> Relief under 28 U.S.C.A. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. Nonconstitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a collateral proceeding.

United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992) (citations omitted).

Jackson "may not raise an issue [constitutional or jurisdictional in nature] for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." United States v. Shaid, 937 F.2d 228, 232 (5th Cir. 1991) (citation omitted). To establish "cause," he must show some external impediment prevented him from raising the claim on direct appeal. See

3

United States v. Flores, 981 F.2d 231, 235 (5th Cir. 1993). In order to meet the "actual prejudice" test, Jackson must demonstrate substantial prejudice, such that the integrity of the entire proceeding is infected. See Shaid, 937 F.2d at 233. If Jackson is unable to establish both elements, he may still be entitled to relief under section 2255 if the error alleged is of a constitutional nature and ignoring it would result in a complete miscarriage of justice. Id. at 232. Jackson has not met this burden. However, in an abundance of caution, the court will address each of Jackson's claims.

**A.     Search And Seizure.**

Jackson first argues that the firearm for which he was charged was obtained through illegal search and seizure. He claims that he was arrested at a residence in which he did not reside and that officers "search[ed] closed and concealed rooms without permission of legal resident whom was present at the time of incident (sic)." Record Document 29 at 5. While Jackson does not specifically state this in his section 2255 motion, the court interprets this as an alleged violation of the Fourth Amendment.

First, Jackson's guilty plea negates the validity of this accusation. "A plea of guilty admits all the elements of a formal criminal charge and waives all non-jurisdictional defects in the proceedings leading to conviction. The plea waives

4

claims of governmental misconduct during the investigation... A guilty plea also eliminates objections to searches and seizures that violate the Fourth Amendment." United States v. Cothran, 302 F.3d 279, 285-86 (5th Cir. 2002) (citations omitted); see also United States v. Allen, 250 F.App'x 9, 12 (5th Cir. 2007); United States v. Sublet, 211 F.App'x 301, 302 (5th Cir. 2006). Thus, because Jackson entered a plea of guilty, he admitted to all elements of the crime and, at that time, lost the ability to object to a prior search and seizure. Moreover, the court notes that Jackson did not file a motion to suppress evidence–in this case, the gun–before entering his guilty plea. Additionally, Jackson offers no evidence to support his claim; for example, he does not show that the officers did not have a valid search warrant for the premises or that the search was not appurtenant to a lawful arrest for which a valid warrant had been issued. Instead, he merely alleges wrongdoing.

Second, although Jackson filed a notice of appeal, the Fifth Circuit dismissed the appeal as frivolous. See Record Document 31. Thus, the Fifth Circuit has already found that no valid grounds for overturning the previous conviction and sentence exist.

Because the court finds that Jackson's guilty plea was voluntary, as explained below, Jackson essentially admitted to the validity of the search, and the Fifth Circuit, in its dismissal of the appeal, confirmed this. Therefore, the court finds that Jackson's

5

unsubstantiated claims of an unlawful search and seizure made in his section 2255 motion do not demonstrate that denial of this claim would result in a complete miscarriage of justice and as such, relief is not warranted.

**B.     Ineffective Assistance Of Counsel.**

Ineffective assistance of counsel claims generally should be raised in a collateral proceeding pursuant to 28 U.S.C. § 2255, rather than on direct appeal, as the record is not fully developed. See United States v. Cornett, 195 F.3d 776, 781 n.2 (5th Cir. 1999). To prevail on a claim of ineffective assistance of counsel, Jackson must prove that (1) his counsel's actions fell below an objective standard of reasonableness and (2) his counsel's ineffective assistance was prejudicial. See Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); Bryant v. Scott, 28 F.3d 1411, 1414-1415 (5th Cir. 1994). Under the first prong of the Strickland analysis, the court is to presume that the attorney's actions are encompassed within the wide range of reasonable competence and fall under the ambit of trial strategy. See Strickland, 466 U.S. at 689, 104 S. Ct. at 2065. The defendant may overcome this presumption only by showing that under the "totality of the circumstances," the attorney's performance was "outside the wide range of professionally competent assistance." Id. at 690, 104 S. Ct. at 2066.

Under the second prong of the Strickland test, the defendant must show "that there is a reasonable probability that, but for counsel's specified errors, the result of the proceeding would have been different." Murray v. Maggio, 736 F.2d 279 282 (5th Cir. 1984). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. To satisfy the prejudicial prong of the Strickland test in the context of a non-capital sentencing proceeding, Jackson must establish "a reasonable probability that, but for the deficient performance of counsel, his sentence would have been significantly less harsh." United States v. Seyfert, 67 F.3d 544, 548 (5th Cir. 1995). If Jackson fails to establish either prong of the Strickland test, then his claim of ineffective assistance of counsel must fail.

In his first ineffective assistance of counsel claim, Jackson argues that he "was not given all stated information including rights to appeal and convictions (sic)." Record Document 29 at 5. Specifically, he claims that "at time of sentencing [he] did not fully understand what [he] was pleading to. Nor did [he] have knowledge (sic) [he] could and had the right to appeal [his] sentence." Id. He also claims that his counsel, Betty Marak ("Marak") failed to inform him of an appeal.

7

Despite these allegations, Jackson has failed to establish that he received ineffective assistance of counsel that resulted in an involuntary plea of guilty. As held by the Fifth Circuit, sworn statements in open court at guilty plea hearings "carry a strong presumption of verity." United States v. Palmer, 456 F.3d 484, 491 (5th Cir. 2006) (citations and quotations omitted); see also United States v. Adam, 296 F.3d 327, 333 (5th Cir. 2002). At his plea hearing, when asked by the court, "You are here, clear headed, with a full understanding of what you're charged with and you have had the advice of a lawyer?" Jackson responded, under oath, "Yes." Guilty Plea Tr. at 4. Additionally, when asked by the court, "You're here because it's a free and voluntary act on your part?" Jackson replied, "Yes." Id. at 7. Jackson's allegation in his section 2255 motion that his plea was involuntary, without more, does not adequately refute his prior sworn testimony.

Jackson also argues that he did not know he had the right to appeal his sentence. However, at his sentencing hearing, the court plainly informed Jackson of his right to appeal. Specifically, the court stated, "You're notified of your right to appeal the Court's sentence. If you appeal the sentence, it will be sent to the Court of Appeals under seal.... I'm just telling you that you have a right to appeal this Court's sentence." Sentencing Tr. at 7. Therefore, the court concludes that Jackson was, in fact, aware of his right to appeal his sentence. Additionally, his claim that

8

counsel did not inform him of an appeal does not rise to the level of ineffective assistance of counsel. On March 31, 2007, Marak filed a notice of appeal on Jackson's behalf. See Record Document 25. Jackson was aware of his right to appeal, and the unsubstantiated claim that he was unaware of a notice of appeal being filed does not render the services provided to Jackson by counsel ineffective. Thus, Jackson has failed to show that Marak acted in a professionally unreasonable manner, and as such, has failed to satisfy the first prong of the Strickland test.

In his second ineffective assistance of counsel claim, Jackson argues that he received ineffective assistance of counsel because he "was not informed of all rights and appeals." Record Document 29 at 5. He further claims that counsel did not file motions on his behalf and did not engage in "trial preparation" with him. Id. Each claim is addressed in turn.

First, as noted above, in his plea hearing, Jackson stated that he had received advice from his lawyer. See Guilty Plea Tr. at 4. Additionally, when asked by the court whether his plea of guilty was "a free and voluntary act on [his] part" and whether it was done "with advice of Mrs. Marak," Jackson, still under oath, replied "Yes" to both. Id. at 7. Therefore, despite his allegation in his section 2255 motion that his counsel did not review the case with him, it is obvious to the court from his

statements under oath that Jackson did, in fact, receive counsel from Mrs. Marak prior to the plea hearing. The length of such consultation, of which the court has no information, is of no consequence. The Fifth Circuit specifically has stated that "brevity of consultation time between a defendant and his counsel, alone, cannot support a claim of ineffective assistance of counsel." Murray, 736 F.2d at 282; see also Hall v. Whitley, 998 F.2d 1014, (5th Cir. 1993).

Along these same lines, Jackson claims that Marak did not engage in "trial preparation" with him. The court notes that Jackson did not go to trial and instead pleaded guilty. Assuming, however, that Jackson was referring to preparation for his plea hearing, the court again finds that the weight of Jackson's sworn testimony in court that he was acting with advice from counsel belies this allegation. Therefore, the court does not find that Marak acted in a professionally unreasonable manner or was otherwise ineffective in this regard.

Second, Jackson claims that Mrs. Marak was ineffective for failing to file motions on his behalf. According to the Fifth Circuit, "The filing of pretrial motions falls squarely within the ambit of trial strategy." Murray, 736 F.2d at 283 (citations omitted). Moreover, counsel is not required to file futile motions. See id. In addition, Jackson has failed to indicate a single motion Marak failed to file that might

10

have been of any benefit to him; instead, he simply makes a general unsubstantiated allegation. Thus, the court finds that the decision to file–or not to file–motions in this case was part of Marak's strategy for representing Jackson and does not render her counsel ineffective. Because Jackson has failed to prove the first prong of the <u>Strickland</u> test, his claim of ineffective assistance of counsel must be dismissed.

### III. CONCLUSION

For the above cited reasons, Jackson's section 2255 motion is **DENIED.**

An order consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this **20** day of June, 2008.



JUDGE TOM STAGG